ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PICTURE ME PRESS, LLC, | ) |
| | ) CASE NO. 5:08CV32 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE JOHN R. ADAMS |
| | ) |
| CPI IMAGES, LLC, et al., | ) ORDER |
| | ) |
| Defendants. | ) |
| | ) (Resolves Docs. 50, 52, 53, 54, 55, 57) |

Pending before the Court are seven motions filed by Defendant CPI Images, LLC ("CPI"). The Court now resolves six of those motions.

### I.    *Daubert* Motion

The Court has carefully reviewed the arguments set forth by both parties with respect to the testimony of Brian K. O'Riordan.  At this time, the Court will not issue a ruling on the motion. Instead, based upon the motion, O'Riordan will be subject to voir dire outside the presence of the jury.  Following that voir dire, the Court will issue a ruling on the admissibility of his proffered testimony.

### II.    Motions in Limine

1. Motion #1

In its first motion in limine, CPI seeks to preclude evidence of PMP's monetary damages and to strike PMP's jury demand.   The motion is DENIED.

While CPI has repeatedly claimed that its first motion is not a disguised motion for partial

summary judgment, the Court disagrees.  To warrant granting the motion, the Court would be required to review the evidence CPI alleges that PMP will rely upon at trial.  Following that review, the Court would be required to make a legal determination regarding whether that evidence is sufficient to warrant a finding of actual confusion.  CPI's motion in limine is a classic example of a dispositive motion.  CPI seeks a determination that, as a matter of law, PMP cannot satisfy its burden at trial.  As the Court has previously stated, dispositive motions will not be considered at this late date.  CPI may raise its argument for judgment on this issue consistent with Fed.R. Civ.P. 50.  The first motion in limine is DENIED.

    2.  Motion #2

In its second motion, CPI seeks to exclude evidence of misdirected phone calls to PMP in which unknown callers inquired about CPI or picture studios.  The motion is DENIED.

"Direct evidence of actual confusion can come only from such sources as misdirected phone calls or letters or even from that rarest of evidence, the testimony of someone willing to testify that they were once a confused customer."  6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 32:184 (4th Ed. 2007).  With respect to the phone calls, there is little doubt that "[s]ome of these purported instances of confusion amount to mere inattentiveness and carelessness, which are of very little significance."  *Midwest Guaranty Bank v. Guaranty Bank*, 270 F.Supp.2d 900, 919 (E.D.Mich. 2003) (citing *Therma-Scan, Inc. v. Thermoscan, Inc.*, 295 F.3d 623, 634 (6th Cir. 2002)).  However, CPI has identified no Sixth Circuit precedent that would require the exclusion of this evidence.

The Court is not persuaded by the precedent relied upon by CPI.  In its briefing, CPI relies upon precedent that has found evidence of misdirected phone calls to be inadmissible hearsay that falls outside of any exception.  *See, e.g., Smith Fiberglass Prods., Inc. v. Ameron, Inc.*, 7 F.3d

1327 (7th Cir. 1993). *Smith Fiberglass*, however, did little in the way of reviewing the district court's refusal to apply the state-of-mind exception. First, the Court noted that the party attempted to introduce "paraphrases" of the one conversation. Second, the Court failed to explain with any legal authority why the state-of-mind exception was inapplicable. Accordingly, contrary to CPI's argument, this Court does not find *Smith Fiberglass* to be persuasive.

> Other courts have considered this issue. Although at least one circuit court has held that such evidence is inadmissible hearsay, the majority of circuit courts that have considered this issue have relied on the evidence rules cited by plaintiff and found that such evidence is admissible. *Compare Duluth News-Tribune, a Div. of Northwest Publications, Inc. v. Mesabi Pub. Co.*, 84 F.3d 1093, 1098 (8th Cir. 1996) ("vague evidence of misdirected phone calls and mail is hearsay of a particularly unreliable nature") *with Fun-Damental Too, Ltd. v. Gemmy Industries Corp.*, 111 F.3d 993 1003-04 (2d Cir. 1997) (holding that the district court properly admitted statements regarding consumer confusion because they were not offered to show the truth of the matter asserted and were offered to show the state of mind of the declarant) a*nd Armco, Inc. v. Armco Burglar Alarm Co., Inc.*, 693 F.2d 1155, 1160 n. 10 (5th Cir. 1982) (same) a*nd Citizens Financial Group, Inc. v. Citizens Nat. Bank of Evans City,* 383 F.3d 110, 133 (3d Cir. 2004) (same); *and Lyons Partnership, L.P. v. Morris Costumes, Inc*., 243 F.3d 789, 804 (4th Cir. 2001) (same). The Court finds the reasoning of the Second, Third, Fourth and Fifth Circuits to be persuasive.

*Conversive, Inc. v. Conversagent, Inc.*, 433 F.Supp.2d 1079, 1091 (C.D.Cal. 2006). CPI's attempt to distinguish the above cases lacks merit.

While CPI asserts that several of the above cases did not involve juries, that fact does not assist in the Court's determination. Rather, the hearsay exception relied upon by these courts is equally applicable in bench and jury trials. The Court finds the reasoning of these courts to be persuasive. PMP is not introducing the contents of the phone calls for the truth of the matter asserted, but rather to demonstrate the state of mind of the caller.

Finally, CPI will be permitted to demonstrate the alleged lack of probative value and reliability of the calls through cross-examination. The Court, therefore, declines to find that the

prejudicial nature of the calls substantially outweighs their probative value. The second motion is DENIED.

    3. <u>Motion #3</u>

In its third motion, CPI seeks to exclude evidence of internet postings. The motion is GRANTED.

In contrast to phone calls directed to PMP, the internet postings at issue make no direct reference to PMP. Instead, the postings refer to CPI's PICTUREME! PORTRAIT STUDIOS as "Picture Me Studio" or just "Picture Me." To date, PMP has offered no evidence that the shorthand versions of the studio name evidence some confusion between CPI and PMP by the authors of those posts. Coupling the inherent unreliability of information pulled from anonymous postings on the web and the lack of any mention of PMP by name in the posts, the Court concludes that any relevant value of the posts is substantially outweighed by their prejudicial value. PMP will no doubt be requesting that the jury infer from the postings that "Picture Me" and "Picture Me Studio" actually reference PMP. They will be requesting this inference from evidence that cannot be authenticated, i.e., the authors of the posts cannot be verified, the purpose in making the post cannot be ascertained, and the state of mind of those authors cannot be determined. Accordingly, the internet postings will be excluded.

At this time, the third motion is GRANTED. If during trial PMP is able to demonstrate a more direct link between the posts and actual confusion, the Court may re-evaluate its ruling.

    4. <u>Motion #4</u>

In its fourth motion, CPI seeks to exclude evidence of a misdirected notice from the Ohio Bureau of Workers' Compensation. The motion is DENIED.

"[C]onfusion that is brief or that occurs among individuals who are not familiar with the

products in question is entitled to considerably less weight than are 'chronic mistakes and serious confusion of actual customers.'" *Therma-Scan,* 295 F.3d at 634 (quoting *Homeowners Group, Inc. v. Home Marketing Specialists, Inc.*, 931 F.2d 1100, 1110 (6th Cir. 1991)). CPI is correct that the evidence offered provides minimal support on the issue of confusion. CPI, however, is free to demonstrate that fact to the jury through cross-examination.

To the extent that CPI claims that the prejudicial value of the evidence substantially outweighs its probative value, the Court disagrees. CPI will have the full opportunity to demonstrate to the jury the reasons it should not rely upon this piece of evidence. The fourth motion, therefore, is DENIED.

    5. Motion #5

In its fifth motion, CPI seeks to exclude any evidence of PCA's intent when it adopted the mark at issue. The motion is denied.

In support of its motion, CPI claims that PCA's intent cannot be imputed to CPI. CPI is correct. Absent evidence of CPI acting in concert with PCA, PCA's intent will not be imputed to CPI. However, PCA's intent when adopting the mark is relevant to the issue of likelihood of confusion and actual confusion. "If a party chooses a mark with the intent of causing confusion, that fact alone may be sufficient to justify an inference of confusing similarity." *Homeowners Group,* 931 F.2d at 1111. Thus, while PCA's intent may not be imputed to CPI, that intent is still relevant to the issue of confusion. Accordingly, the motion is DENIED. CPI may seek an appropriate limiting instruction if the need arises during trial.

    6. Motion #6

CPI's sixth motion in limine suffers from the same flaw as its first motion; it seeks judgment as a matter of law. In its reply, CPI states that it "seeks judicial recognition that PMP's

dilution claim is barred a matter of statute[.]"  Like the first motion addressed above, this is quite clearly a dispositive motion masquerading as a motion in limine. CPI may raise its argument at the appropriate time during trial, but the motion in limine is DENIED.

 IT IS SO ORDERED.


July 28, 2009_____        */s/ John R. Adams*_____
Date               JUDGE JOHN R. ADAMS
                 United States District Judge