ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PICTURE ME PRESS, LLC, | ) | |
| | ) | CASE NO. 5:08CV32 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| CPI IMAGES, LLC, et al., | ) | <u>ORDER</u> |
| | ) | |
| Defendants. | ) | |
| | ) | (Resolves Docs. 79 and 80) |

Pending before the Court are CPI's seventh and eighth motions in limine. The Court now resolves those motions.

**I.  Seventh Motion**

In its seventh motion in limine, CPI seeks to exclude the testimony of Darlene Bass and Halley Eisinger. The Court first notes several facts. First, the alleged delay by PMP in identifying these witnesses was remedied by this Court through granting leave to CPI to depose both witnesses. There is no prejudice from that delay. The Court, therefore, has not considered the delay in resolving the motion. Second, the relationship of Bass and Eisinger to the owners of PMP is irrelevant to the admissibility of their testimony. CPI's assertions regarding these alleged relationships are attacks on the weight of the testimony, not its admissibility.

The crux of CPI's argument appears to be that Bass and Eisinger have no relevant testimony. Having carefully reviewed the precedent set forth by CPI, the Court is not convinced that the entirety of the testimony of Bass and Eisinger should be excluded. CPI asserts that the

testimony by Bass and Eisinger does not amount to actual confusion. Again, however, CPI appears to attack the weight that should be given to the testimony, routinely relying upon the fact that Bass and Eisinger are friends with the owners of PMP. CPI is free to demonstrate this fact to the jury through cross-examination. Likewise, to the extent that CPI claims that Bass and Eisinger were not actually confused because of their knowledge of PMP's product line, that may also be the subject of cross-examination. The motion, therefore, is DENIED.

## II.     Eighth Motion

In its eighth and final motion in limine, CPI seeks to exclude any evidence of alleged discussions with the Panini Group.

CPI's motion has two bases. First, CPI relies upon a case that it claims found that the Lanham Act does not extend to any type of confusion in a foreign country. Specifically, CPI relies upon one, unreported Ninth Circuit Case, *Fogerty v. Poor Boy Prods., Inc.*, 124 F.3d 211 (9th Cir. 1997). However, even in *Fogerty*, the Court did not state that such evidence was inadmissible.

> Nothing in the Lanham Act or related case law indicates that section 43(a) is designed to protect the foreign public from confusion. *We therefore assign little weight* to the evidence that at least one German and one Thai Fogerty fan was confused as to Fogerty's involvement in the Revisited tour.

*Id.* at *2, n.2 (emphasis added). Accordingly, the sole authority relied upon by CPI indicates that the fact that the confusion was based in a foreign country affects the weight of the evidence, not its admissibility. Therefore, even under the authority relied upon by CPI, the evidence would not be excluded.

Second, CPI contends that introduction of this evidence would violate the hearsay rule. This issue was resolved in the Court's previous ruling on CPI's first six motions in limine. To the

extent the evidence will be used to show actual confusion, it is not offered for the truth of the matter asserted. Furthermore, the Court previously concluded that similar evidence would fall within the state of mind exception, even if were classified as hearsay. Accordingly, the eighth motion is DENIED.

    IT IS SO ORDERED.


August 6, 2009                                  */s/ John R. Adams*
Date                                                JUDGE JOHN R. ADAMS
                                                          United States District Judge